# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Nathaniel Teamer, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 6:16-cv-3340-PMD-KFM |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Scott Lewis, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Kevin F. McDonald's report and recommendation ("R & R") (ECF Nos. 28, 27, & 23). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 11) and denying Petitioner's petition for relief under 28 U.S.C. § 2254 (ECF No. 1).

## PROCEDURAL HISTORY

Magistrate Judge McDonald issued his R & R on June 28. Petitioner filed his first objections to the R & R on July 21, and filed amended objections later that same day. Finally, Respondent filed his reply on August 4. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter

to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on all of Petitioner's grounds for relief. Petitioner has only raised objections to the R & R's analysis of grounds one and two. Having reviewed the rest of the R & R for clear error and finding none, the Court proceeds to grounds one and two.

### I. Ground One

Petitioner first objects to the R & R's conclusion that his trial counsel was not ineffective for failing to call an alibi witness, Daisy Feaster,[1] at trial. Petitioner asserts that the South Carolina Supreme Court's determination that Petitioner's trial counsel was effective despite failing to call a known alibi witness was legal error. As support for that assertion, Petitioner argues that the South Carolina Supreme Court should have looked to Daisy's testimony at Petitioner's burglary trial, rather than her testimony at Petitioner's PCR hearing in this case, when deciding whether Petitioner's counsel was ineffective for failing to call her as an alibi witness. Petitioner contends that Daisy's more contemporaneous testimony at his burglary trial in 2007 bears more weight than her testimony at his PCR hearing five years later. Petitioner argues that the South Carolina Supreme Court committed a legal error by relying on that PCR testimony when deciding

---

1. To avoid any confusion between Daisy Feaster and Osia Feaster, the Court refers to Daisy Feaster as Daisy.

2

Petitioner's case. Finally, Petitioner also asserts that the Magistrate Judge failed to address the fact that the State used 8:00 PM as the time of the crime at trial.

As an initial matter, it is not clear why Petitioner argues that the State gave 8:00 PM as the time of the crime. Petitioner's lone citation to the record for that argument refers to the prosecution's statement reflecting the **approximate** time that the victim and another man **left** to go pick Petitioner up at Daisy's house. Thus, that reference indicates the State's view that the crime took place sometime after 8:00 PM, but not at 8:00 PM. Accordingly, the Magistrate Judge did not err by failing to address an argument that was not grounded in fact.

Next, the Court turns to the South Carolina Supreme Court's factual determination that Daisy's testimony would not have established an alibi for Petitioner because her testimony did not render Petitioner's guilt factually impossible as required under South Carolina law. *See State v. Robbins*, 271 S.E.2d 319, 320 (S.C. 1990). Under 28 U.S.C. § 2254(e)(1), factual determinations made by the state court "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." The Court concludes that Petitioner has not overcome § 2254(e)(1)'s presumption of correctness. Even Daisy's burglary trial testimony still supports the South Carolina Supreme Court's determination. As discussed in the R & R, Daisy stated on cross-examination in her burglary trial testimony that Petitioner was at her home when she left to go shopping "about 8:30 or 9:00 o'clock." (R., ECF No. 12-7, at 212.) Importantly, the South Carolina Supreme Court noted that Daisy's home is "less than two miles from the scene of the shooting." *Teamer v. State*, Nos. 2013–001303, 2016–MO–013, 2016 WL 1458176, at *2 (S.C. 2016). "Therefore, it was not physically impossible for [Petitioner] to have been at the Feasters' house at the time Daisy left to go shopping 'about 8:00 something' and to have committed the shootings just before 8:46 p.m." *Id.* The Court concludes that it was not

unreasonable for the South Carolina Supreme Court to determine that it was physically possible for Daisy to leave her house at 8:30 and for the Petitioner to still commit the shootings before 8:46. Thus, for the reasons stated herein and in the R & R, Petitioner's objection is overruled.

**II.    Ground Two**

Second, Petitioner objects to the trial judge's jury charge stating that "your sole objective is to simply reach the truth of the matter" and "simply give both the state and the defendant a fair and impartial trial." (R., ECF No. 12-2, at 24.) Five years after Petitioner's trial, the South Carolina Supreme Court stated in *State v. Daniels* that trial judges should exclude such language from future jury charges because "[s]uch a charge could effectively alter the jury's perception of the burden of proof." 737 S.E.2d 473, 475 (S.C. 2012). However, the South Carolina Supreme Court nonetheless affirmed the defendant's conviction in *Daniels* in spite of the fact that a majority of that court held that the defendant's objection to the trial judge's jury charge was preserved. *Id.* at 477. The court held that jury charges must be viewed as a whole, and "'if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible error.'" *Id.* (quoting *State v. Aleksey*, 538 S.E.2d 248, 251 (S.C. 2000)). Having concluded that the charge as a whole was free from error, the South Carolina Supreme Court affirmed the defendant's conviction in spite of the improper language in the charge. *Id.* at 477–78. The Court makes the above observations in an effort to clarify that the holding of *Daniels* was that the challenged jury charge did not violate the Constitution. Nonetheless, the South Carolina Supreme Court admonished trial judges not to use such language in future jury charges.

Against this backdrop, the South Carolina Supreme Court held that Petitioner's trial counsel in this case was not ineffective for failing to object to the jury instruction because it "has previously held that reasonable representation does not require trial counsel to foresee successful

4

appellate challenges and novel questions of law." *Teamer*, 2016 WL 1458176, at *4. Petitioner does not object to this rationale, but claims that his citation to *Cage v. Louisiana*, 498 U.S. 39 (1990) (per curiam), demonstrates that his trial counsel should have objected to the jury charge at trial because *Cage*'s holding was clearly established at the time of his trial. The Magistrate Judge found *Cage* to be distinguishable, and the Court agrees.

In *Cage*, the Supreme Court faced the question of whether the use of the words "actual substantial doubt," "grave uncertainty," and "moral certainty" in the trial judge's jury instructions defining reasonable doubt could have been interpreted by a reasonable juror as allowing a finding of guilt based on a degree of proof below reasonable doubt. The Supreme Court determined that those terms "suggest[ed] a higher degree of doubt than is required under the reasonable doubt standard," and thus reversed the Supreme Court of Louisiana's holding that the jury charge was not constitutionally defective. 498 U.S. at 41.

*Cage* is distinguishable for a number of reasons. First, the standard of review the Supreme Court used to determine whether the jury charge in *Cage* was defective—how reasonable jurors **could have** understood the charge as a whole—was overruled a year later in *Estelle v. McGuire*. 502 U.S. 62, 72 n.4 (1991). In *Estelle*, the Supreme Court reverted back to the "reasonable likelihood" standard of review the Court endorsed in *Boyde v. California*, 494 U.S. 370, 380 (1990). In *Estelle*, the Court reiterated the language in *Boyde*, holding that the appropriate standard was "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." 502 U.S. at 72 (quoting *Boyde*, 494 U.S. at 380). Due to the Supreme Court's holding that a different, and higher, standard applies to challenges of jury charges than the one used in *Cage*, the Court finds *Cage* to be distinguishable.

5

Second, *Cage* dealt with a jury charge that improperly defined reasonable doubt as a higher level of doubt than is actually contemplated by the Constitution. Here, the jury charge merely states that the jury is to reach the truth in the matter and to give both sides a fair and impartial trial. Although, as recognized by the South Carolina Supreme Court in *Daniels*, such a charge could be construed as diluting the burden of proof, it is markedly different than an improper definition of reasonable doubt itself. Moreover, although the trial judge began his charge with the fair and impartial trial language, he proceeded to explain that the State must "prove[] [Petitioner's] guilt to your satisfaction beyond a reasonable doubt." (R., ECF No. 12-2, at 25–26.) The trial judge then proceeded to give a lengthy explanation of reasonable doubt. Petitioner does not take issue with the trial judge's definition of reasonable doubt, or with that portion of the charge, and any such objection would be invalid because that portion of the charge was correct. Although the South Carolina Supreme Court later admonished trial judges in *Daniels* to avoid using the language the trial judge used here, the Court nonetheless affirmed the conviction that followed the trial judge's use of that language in a case decided five years after Petitioner's trial. Here, too, the Court is satisfied that the South Carolina Supreme Court's decision met § 2254(d)'s standards. Accordingly, Petitioner's final objection is overruled.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Petitioner's objections are **OVERRULED** and that the R & R is **ADOPTED**. Accordingly, Respondent's motion for summary judgment is **GRANTED**, and Petitioner's § 2254 application is **DISMISSED** with prejudice.[2]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 20, 2017**
**Charleston, South Carolina**

---

2. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).